IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERESA MASSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-114-ECM-JTA |
| | ) (WO) |
| SERVIS 1st BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court is Defendants ServisFirst Bank,[1] Pamela Yarbrough, and Carl Baker's Motion to Dismiss and Motion to Strike. (Doc. No. 10.) Defendants seek dismissal of *pro se* Plaintiff Teresa Massey's complaint and for Defendant George Carl Barker, Jr. to be struck as a redundant party.

For the reasons that follow, the undersigned recommends Defendants' motion be granted in part and denied in part, and Plaintiff be given an opportunity to amend her complaint.[2]

---

[1] Plaintiff identifies this Defendant as Servis 1st Bank in her complaint, but Defendants indicate the name is ServisFirst Bank. Thus, the undersigned uses ServisFirst Bank hereinafter.

[2] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. No. 5.)

## I. JURISDICTION

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of Title VII, 42 U.S.C. §§ 2000e, *et seq,* and the Age Discrimination Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq*.

## II. ALLEGATIONS AND PROCEDURAL HISTORY

On February 11, 2025, Plaintiff filed her complaint against Defendants. (Doc. No. 1.) Plaintiff is an African American woman who was 55 years old at the time she filed her complaint. (Doc. No. 1-1 at 4.) Plaintiff alleges she was an assistant branch manager with Defendant ServisFirst Bank. (*Id*.) Plaintiff avers Defendant Pamela Yarbrough, the branch manager, would make comments like "your hair is long today and it was short yesterday." (*Id*.) Plaintiff alleges Defendant Yarbrough also told Plaintiff that Yarbrough was going to "lay on the beach so that [she] can get nice brown legs like [Plaintiff's]." (*Id*.) Plaintiff claims she scheduled a meeting with Defendant George Carl Barker, the CEO of the bank, to discuss the issues she was having with Defendant Yarbrough. (*Id*.) Plaintiff avers she canceled the meeting because of Defendant Barker's friendship with Defendant Yarbrough. (*Id*.) Plaintiff alleges she was terminated from her position on September 6, 2024. (*Id*.) Plaintiff avers Bridgett Wright, a 43-year-old African American woman, replaced her. (*Id*.) From these facts, Plaintiff brings discrimination and retaliation claims under Title VII and the ADEA. (*Id*.)

On March 31, 2025, Defendants filed their motion to dismiss and motion to strike. (Doc. No. 10.) Plaintiff filed a response on April 21, 2025. (Doc. No. 15.)[3] Defendants filed a reply. (Doc. No. 16.) This matter is ripe for review.

### III.    STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Nonetheless, while detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[3] Plaintiff's response contains numerous new factual assertions. However, when considering a motion to dismiss, the court must limit its consideration to the complaint and exhibits attached thereto. *See GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (citing Fed. R. Civ. 10(c)); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Fed. R. Civ. P. 7(a) (listing which filed documents constitute pleadings). Accordingly, the undersigned will only consider factual allegations in Plaintiff's complaint and her attached EEOC charge. (*See* Docs. No. 1 and 1-1.)

*Iqbal*, 556 U.S. at 67 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). Notwithstanding, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–1169 (11th Cir. 2014). Therefore, "[w]hile the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

4

## IV.   DISCUSSION

Defendants argue Plaintiff's complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 10 at 1.) Defendants further argue Defendant George Carl Barker, Jr. should be struck as a redundant party. (*Id*. at 10.) The undersigned addresses each argument in turn.

### A. Motion to Dismiss

Defendants argue Plaintiff's discrimination claims should be dismissed because she failed to allege sufficient facts to support claims of intentional discrimination. (*Id*. at 5.) Defendants further argue Plaintiff's retaliation claims should be dismissed because she failed to allege she engaged in a statutorily protected activity. (*Id*. at 8.)[4]

Plaintiff responds she has alleged sufficient factual matter to establish discrimination, retaliation, and a hostile work environment. (Doc. No. 15 at 2.) Plaintiff argues her claims are further supported by her strong employment record and lack of disciplinary actions. (*Id*.)

Defendants reply the facts asserted do not plausibly establish discrimination. (Doc. No. 16 at 3.) Defendants further argue because Plaintiff was replaced by an age-protected

---

[4] Defendants also argue Plaintiff's complaint does not allege an ADEA discrimination claim. (Doc. No. 10 at 6 n.1.) Although Plaintiff's complaint does not reference the ADEA, her included EEOC charge alleges age discrimination in violation of the ADEA. (Doc. No. 1-1 at 4.) Because courts may consider documents attached to the complaint and the undersigned must liberally construe Plaintiff's complaint, the undersigned will address Plaintiff's ADEA claims. *See Edwards v. Dothan City Sch.*, 82 F.4th 1306, 1311 (11th Cir. 2023) ("Normally, we will not consider anything beyond the face of the complaint and documents attached thereto when considering a motion to dismiss."); *Erickson*, 551 U.S. at 94 ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quotation omitted)).

African American woman, it is implausible that Plaintiff's race or age contributed to her termination. (*Id.*) Defendants reassert Plaintiff failed to plead she engaged in statutorily protected activity and thus cannot state a retaliation claim. (*Id.* at 5.)

    1. Title VII Discrimination Claims

Title VII prohibits employers from failing to hire or terminating an individual, or discriminating against "any individual with respect to [her] compensation, term, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation omitted). To establish a *prima facie*[5] case of discrimination, Plaintiff may rely on "direct evidence of discrimination, the *McDonnell Douglas* framework[6], [or] a convincing mosaic of circumstantial evidence." *Bowman v. Sam's Club*, No. 3:22-cv-520-ECM-KFP, 2023 WL 10406564, at *3 (M.D. Ala. Dec. 22, 2023) (citations omitted), *report and recommendation adopted*, 2024 WL 578773, at *2 (M.D. Ala. Feb. 13, 2024). At the motion to dismiss stage, Plaintiff is not required to establish a *prima face* case of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S.

---

[5] A *prima facie* case means there is "enough evidence to allow the fact-trier to infer the fact at issue." *Prima Facie Case*, *Black's Law Dictionary* (12th ed. 2024).

[6] Under the *McDonnell Douglas* framework, a plaintiff may establish a *prima facie* case of discrimination by showing (1) membership in a protected group, (2) qualification for the job, (3) an adverse employment action, and (4) replacement by or less favorable treatment than a similarly situated individual outside the plaintiff's protected class. *Bowman*, 2023 WL 10406564, at *2 n. 2 (citations omitted).

506, 510 (2002) (stating a *prima facie* case for discrimination cases "is an evidentiary standard, not a pleading requirement"). Nonetheless, courts may use the *prima facie* case "applicable at the summary judgment stage as an analytical guidepost to evaluate . . . claims at the pleadings stage." *Ramirez v. Walmart*, No. 23-13702, 2024 WL 4880378, at *3 (11th Cir. Nov. 25, 2024).

Here, Plaintiff alleges Defendant Yarbrough commented on her hair length and her skin tone before her termination. Though Defendant Yarbrough's alleged statements appear connected to Plaintiff's race, Plaintiff does not allege that Defendant Yarbrough was responsible for her termination. Rather, Plaintiff avers Defendant Barker terminated her. Plaintiff does not allege Defendant Barker made any discriminatory remarks towards her. Given the scant facts alleged, Plaintiff's complaint does not contain sufficient facts to show either direct or circumstantial evidence that she was terminated because of her race. Furthermore, Plaintiff avers Bridgett Wright, an African American woman, replaced her. Thus, Plaintiff has also failed to allege discrimination under the *McDonnell Douglas* framework. *See Calicchio v. Oasis Outsourcing Grp. Holdings, L.P.*, 584 F. Supp. 3d 1215, 1244 (S.D. Fla. 2021) (holding the plaintiff could not establish a *prima facie* case of discrimination under Title VII because she was replaced by an individual in the same protected class), *aff'd* No. 21-12854, 2022 WL 2761720 (11th Cir. July 15, 2022); *see also Cuddeback v. Fla. Bd. Of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004) ("[t]o establish a *prima facie* case of discriminatory discharge, the plaintiff must show that she . . . was replaced by someone outside the protected class.").

Because Plaintiff has failed to allege sufficient factual matter to suggest intentional discrimination, Plaintiff's Title VII discrimination claims are due to be dismissed without prejudice. *See Bowman*, 2023 WL 10406564, at *4 (recommending dismissal for failure to state a claim when the plaintiff failed to allege sufficient facts to suggest intentional discrimination).

    2. ADEA Discrimination Claims

The text of the ADEA's anti-discrimination provision is nearly identical to Title VII, but prevents employers from failing to hire, terminating an individual, or discriminating against an "individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA "prohibits employers from firing employees who are forty years or older because of their age." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). Like Title VII, Plaintiff may establish an ADEA claim based on either direct or circumstantial evidence that her age was the "but-for" cause of an adverse employment action. *Id*. If relying on circumstantial evidence, Plaintiff can establish a *prima facie* case under the *McDonnell Douglas* framework. *Id*. To establish a *prima facie* case of age discrimination, Plaintiff must show: (1) she was between age forty and seventy; (2) she was subject to an adverse employment action; (3) a substantially younger person filled the position from which she was discharged; and (4) she was qualified to do the job from which she was discharged. *Id*. (citing *Kragor v. Takeda Pharm Am., Inc.,* 702 F.3d 1304, 1308 (11th Cir. 2012)).

Here, Plaintiff has not alleged instances of direct age discrimination. Nonetheless, Plaintiff has alleged she is 55 years old, she was terminated from her job, and a 43-year-

8

old woman replaced her. (Doc. No. 1 at 4.) Defendant argues it is implausible Plaintiff's age had anything to do with her termination because the woman who replaced her is also age-protected. (Doc. No. 10 at 7; Doc. No. 16 at 3.) But the "'fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as [she] has lost out *because of* [*her*] *age*.'" *Liebman*, 808 F.3d at 1299 (quoting *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996)). The Eleventh Circuit has held that three years qualifies as substantially younger. *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir. 1997) (per curiam). Although Plaintiff has not alleged in her complaint that she was qualified to do the job from which she was terminated,[7] her complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 67 (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff alleges sufficient factual matter to suggest age discrimination, Plaintiff's ADEA discrimination claim is not due to be dismissed. *See Mullins v. AlaTrade, Inc.*, No. 3:22-cv-112-JTA, 2023 WL 1773968, at *6 (M.D. Ala. Feb. 3, 2023) (denying a motion to dismiss an ADEA discrimination claim because the plaintiff plausibly alleged a *prima facie* case of age discrimination).

3. Title VII and ADEA Retaliation Claims

Title VII and the ADEA prohibit retaliation against an individual for opposing an unlawful practice or making a charge under each statute. *See* 29 U.S.C. § 623(d); 42 U.S.C.

---

[7] Defendant does not argue Plaintiff was not qualified for her job. While Plaintiff has not alleged a *prima facie* case of age discrimination, at this stage of litigation, Plaintiff is not required to prove a *prima facie* case of discrimination. *See Swierkiewicz*, 534 U.S. at 510.

§ 2000e-3(a). To establish a *prima facie* case of retaliation under both statutes, Plaintiff must show: "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Again, Plaintiff does not need to allege a *prima facie* case at the pleadings stage, but it serves as a useful guidepost to evaluate Plaintiff's claims. *See Ramirez*, 2024 WL 4880378, at *3.

Here, Plaintiff fails to allege she opposed an unlawful practice or otherwise engaged in statutorily protected activity. Plaintiff alleges she canceled a meeting with Defendant Barker. She does not allege she reported discrimination or other illegal conduct to Defendant Barker, HR, or anyone else employed at Defendant ServisFirst Bank. Plaintiff merely provides the naked assertion she suffered retaliation. Because Plaintiff does not provide "further factual enhancement," her complaint does not sufficiently state a claim for retaliation. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557)).

Accordingly, Plaintiff's retaliation claims are due to be dismissed without prejudice. *See Ramirez*, 2024 WL 4880378, at *2 (affirming dismissal of retaliation claims when the plaintiff relied on only conclusory allegations).

### B. Motion to Strike

Defendants move to strike Defendant George Carl Barker, Jr. as a redundant party. (Doc. No. 10 at 10.) Defendants aver Defendant George Carl Barker, Jr. is redundant because Defendant "Carl Barker, aka George Carlton Barker, is the relevant Defendant."

10

(*Id.*) Plaintiff did not respond to this argument. Accordingly, Defendant George Carl Barker, Jr. is due to be struck from the complaint as he is a redundant party.

### C. Opportunity to Amend

Although the undersigned recommends dismissal without prejudice, "[a] dismissal without prejudice is tantamount to dismissal with prejudice when the plaintiff is barred from refiling his complaint by the statute of limitations." *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 877 n. 1 (11th Cir. 2011). A claimant has 90 days from receipt of the notice of dismissal and right to sue letter from the EEOC to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1). And "the filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007) (affirming dismissal of Title VII claims, in part, because the complaint was filed beyond the 90-day statute of limitations and the plaintiff's previous lawsuit that was dismissed without prejudice did not toll the limitations period) (citing *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993). Thus, the 90-day statute of limitations may bar Plaintiff from refiling her suit, and a dismissal without prejudice would operate as a dismissal with prejudice.

Unless amendment would be futile, a court must generally afford a *pro se* plaintiff one opportunity to amend the complaint before the court dismisses the action with prejudice. *Woldeab*, 885 F.3d at 1291. Here, Plaintiff may be able to amend her complaint to sufficiently allege Title VII discrimination and retaliation claims. Accordingly, the undersigned recommends Plaintiff be given an opportunity to amend her complaint.

11

## V. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS as follows:

1. Defendants' Motion to Dismiss (Doc. No. 10) be GRANTED in part and DENIED in part as follows:

    a. Defendants' Motion to Dismiss be GRANTED as to Plaintiff's Title VII discrimination claim.

    b. Defendants' Motion to Dismiss be GRANTED as to Plaintiff's Title VII and ADEA retaliation claims.

    c. Defendants' Motion to Dismiss be DENIED as to Plaintiff's ADEA discrimination claim.

2. Plaintiff's Complaint (Doc. No. 1) be DISMISSED as follows:

    a. Plaintiff's Title VII discrimination claim be DISMISSED without prejudice.

    b. Plaintiff's Title VII and ADEA retaliation claims be DISMISSED without prejudice.

3. This matter be REFERRED back to the undersigned for further proceedings.[8]

It is further ORDERED as follows:

1. Defendants' Motion to Strike (Doc. No. 10) is GRANTED.

2. The Clerk of Court is DIRECTED to terminate Defendant George Carl Barker, Jr. as a redundant party.

---

[8] By written order, the undersigned will afford Plaintiff 14 days to file an amended complaint upon referral of this matter back to the undersigned.

3. **On or before December 2, 2025,** the parties may file objections to this Recommendation.

The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of November, 2025.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE