IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERESA MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-114-ECM-JTA |
| | ) | |
| SERVISFIRST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant ServisFirst Bank's Partial Motion to Dismiss. (Doc. No. 29.) Defendant seeks dismissal of Counts II and III of the amended complaint filed by *pro se* Plaintiff Teresa Massey. For the reasons that follow, the undersigned recommends the motion be granted.[1]

## I. JURISDICTION

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of Title VII, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621.

## II. ALLEGATIONS AND PROCEDURAL HISTORY

On February 11, 2025, Plaintiff filed a complaint, alleging discrimination and retaliation claims under Title VII and the ADEA. (Doc. No. 1.) On November 14, 2025, the

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. No. 5.)

undersigned recommended dismissal of Plaintiff's race discrimination claim under Title VII, retaliation claim under Title VII, and retaliation claim under the ADEA. (Doc. No. 17.) On January 9, 2026, the Court (1) adopted the undersigned's Report and Recommendation; (2) granted Defendant[2] ServisFirst Bank's motion to dismiss to the extent that Plaintiff's Title VII discrimination claim, Title VII retaliation claim and ADEA discrimination claim were dismissed without prejudice; and (3) denied the motion to dismiss in all other respects.[3] (Doc. No. 19.) The undersigned then directed Plaintiff to file an amended complaint. (Doc. No. 22.)

On April 10, 2026, Plaintiff filed the amended complaint. (Doc. No. 27.) The amended complaint alleges the following three claims: (1) age discrimination in violation of the ADEA in Count I; (2) race discrimination in violation of Title VII in Count II; and (3) retaliation in violation of Title VII in Count III. (*Id.*)

According to the amended complaint,[4] Defendant employed Plaintiff, an African American woman, as an assistant branch manager "from approximately April 4, 2023, until . . . September 6, 2024." (*Id.* at 2.) Plaintiff's direct supervisor, Branch Manager Pamela Yarbrough, made "unwelcome and offensive comments based on [Plaintiff's] race . . . ." (*Id.*) On an unknown date, Yarbrough said to Plaintiff, "Your hair is long today and it was

---

[2] At the time of filing the motion to dismiss, Defendants included Servis 1st Bank (terminated April 10, 2026), Carl Baker (terminated April 10, 2026), Pam Yarbrough (terminated April 10, 2026), and George Carl Barker, Jr. (terminated November 14, 2025).

[3] The United States District Judge referred the case back to the undersigned for further proceedings. (Doc. No. 19.)

[4] All facts set forth in this section are as alleged in the amended complaint and are set forth in the light most favorable to Plaintiff.

short yesterday." (*Id.*) On another unknown date, Yarbrough remarked to Plaintiff she was going to "'lay on the beach so that [she] can get nice brown legs like [Plaintiff's].'" (*Id.*) Following these two comments, Plaintiff alleges she scheduled a meeting with ServisFirst's Chief Executive Officer, George Carl Barker, to report Yarbrough's conduct. (*Id.* at 3.) However, Plaintiff later canceled the scheduled meeting.[5]

Plaintiff alleges Yarbrough's comments "were not isolated 'stray remarks' but were part of a pattern of behavior that created a hostile, intimidating, and abusive work environment for [Plaintiff] based on her race." (*Id.* at 2.) Plaintiff claims Yarbrough's two comments evidenced "discriminatory animus" that "tainted the decision-making process and was a motivating factor in [her] termination." (*Id.* at 2–3.) Plaintiff also alleges, "although the final decision to terminate [her] may have been made by others in management, Ms. Yarbrough, as the Branch Manager and [Plaintiff's] direct supervisor, provided significant and influential input into that decision." (*Id.* at 2.) Plaintiff further alleges Defendant knew the purpose of her scheduled meeting with Barker was to complain about the discrimination she suffered, thus "[s]hortly after she scheduled the meeting[,]" Defendant terminated her employment. (*Id.* at 3.)

---

[5] Plaintiff alleged in her EEOC charge, which was attached to the original complaint but not attached to the amended complaint, that she cancelled the scheduled meeting with Barker. (Doc. No. 1-1 at 4.) The undersigned considers this detail because it is part of Plaintiff's factual allegations central to her retaliation claim, and its authenticity is not challenged. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) ("[W]hen resolving a motion to dismiss . . . a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged.").

On April 24, 2026, Defendant filed its partial motion to dismiss the amended complaint.[6] (Doc. No. 29.) Plaintiff filed a response and Defendant submitted a reply. (Docs. No. 31, 32.) The partial motion to dismiss is ripe for disposition.

## III. STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Nonetheless, while detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 67 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

[6] Defendant did not move for dismissal of the ADEA discrimination claim. (Doc. No. 29 at 1 n.1.)

enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). Notwithstanding, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–1169 (11th Cir. 2014). Therefore, "[w]hile the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## IV. DISCUSSION

Defendant argues Plaintiff's Title VII claims alleged in Counts II and III of the amended complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 29 at 1.) Defendant contends

Plaintiff failed to allege sufficient facts to support a claim for intentional race discrimination and hostile work environment. (*Id.* at 5–6.) Defendant further contends Plaintiff failed to allege she engaged in a statutorily protected activity for her retaliation claim. (*Id.* at 9.) The undersigned agrees.

A. Discrimination Claim for Termination

Title VII prohibits employers from failing to hire, terminating, or otherwise discriminating against "any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation omitted). "To establish a *prima facie* case of discrimination, Plaintiff may rely on 'direct evidence of discrimination, the *McDonnell Douglas* framework[7], [or] a convincing mosaic of circumstantial evidence.'" *Massey v. Servis 1st Bank*, No. 2:25-cv-114-ECM-JTA, 2025 WL 3188402, at *3 (M.D. Ala. Nov. 14, 2025) (quoting *Bowman v. Sam's Club*, No. 3:22-cv-520-ECM-KFP, 2023 WL 10406564, at *3 (M.D. Ala. Dec. 22, 2023)), *report and recommendation adopted*, 2026 WL 78259 (M.D. Ala. Jan. 9, 2026). At the motion to dismiss stage, Plaintiff is not required to establish a

[7] Under the *McDonnell Douglas* framework, a plaintiff may establish a *prima facie* case of discrimination by showing (1) membership in a protected group, (2) qualification for the job, (3) an adverse employment action, and (4) replacement by or less favorable treatment than a similarly situated individual outside the plaintiff's protected class. *Bowman*, 2023 WL 10406564, at *2 n.2 (citations omitted).

*prima face* case of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (stating a *prima facie* case for discrimination cases "is an evidentiary standard, not a pleading requirement"). Nonetheless, courts may use the *prima facie* case framework "applicable at the summary judgment stage as an analytical guidepost to evaluate . . . claims at the pleadings stage." *Ramirez v. Walmart*, No. 23-13702, 2024 WL 4880378, at *3 (11th Cir. Nov. 25, 2024).

Here, Plaintiff's race discrimination claim in her amended complaint suffers from the same deficiencies as the one alleged in the original complaint—the scant facts alleged are insufficient "to show either direct or circumstantial evidence that she was terminated because of her race." (Doc. No. 17 at 7.) The original complaint failed to show how Yarbrough was responsible for Plaintiff's termination considering Barker terminated her.[8] (*Id.*) The amended complaint fails for the same reason. It relies on the same facts but now concludes Yarbrough's "discriminatory animus, evidenced by her comments," influenced Barker by "taint[ing] the decision-making process and was a motivating factor in the termination." (Doc. No. 27 at 3.) Without more, that statement alone stands as a naked assertion devoid of factual content showing how Yarbrough's allegedly discriminatory statements motivated Barker to terminate Plaintiff. That simply will not do. *Iqbal*, 556 U.S. at 67.

Furthermore, Plaintiff's amended complaint fails for the same reason as the original complaint to allege discrimination under the *McDonnell Douglas* framework because she

[8] Plaintiff's EEOC charge alleges "Mr. Barker informed me that my management style was no longer a good fit and to consider today my last day." (Doc. No. 1-1.)

was replaced by an individual in the same protected class, an African American woman.[9] (Doc. No. 17 at 7); *see Calicchio v. Oasis Outsourcing Grp. Holdings, L.P.*, 584 F. Supp. 3d 1215, 1244 (S.D. Fla. 2021) (holding the plaintiff could not establish a *prima facie* case of discrimination under Title VII because she was replaced by an individual in the same protected class), *aff'd*, No. 21-12854, 2022 WL 2761720 (11th Cir. July 15, 2022); *see also Cuddeback v. Fla. Bd. Of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004) ("[t]o establish a *prima facie* case of discriminatory discharge, the plaintiff must show that she . . . was replaced by someone outside the protected class").

Accordingly, Plaintiff's amended complaint fails to allege sufficient factual matter to plausibly suggest her termination was the result of intentional discrimination. Her Title VII discrimination claim is due to be dismissed with prejudice. *See Bowman*, 2023 WL 10406564, at *4 (recommending dismissal for failure to state a claim when the plaintiff failed to allege sufficient facts to suggest intentional discrimination).

B. Hostile Work Environment Claim

Plaintiff's amended complaint fails to state a Title VII claim of race discrimination under the hostile work environment theory. *See Michaels v. Sasser's Glass Works Inc.*, No. 23-11166, 2025 WL 588648, at *3 (11th Cir. Feb. 24, 2025) (Title VII "allows three theories

[9] The amended complaint does not identify the race of Plaintiff's replacement. (Doc. No. 27 at 3) ("Following her termination, Ms. Massey was replaced by Ms. Bridgett Wright, an individual who is 43 years old."). However, Plaintiff's EEOC charge states her replacement was an African American woman. (Doc. No. 1-1 at 4.)

of liability: hostile work environment, disparate treatment, and retaliation.”). A successful Title VII claim under a hostile work environment theory requires an employee to show:

> (1) [s]he belongs to a protected group; (2) [s]he was subjected to unwelcome harassment; (3) the harassment was dependent on h[er] race; “(4) the harassment was sufficiently severe or pervasive to alter the terms of [her] employment and create a discriminatorily abusive working environment[;] and (5) the employer is responsible for the environment under a theory of vicarious or direct liability.”

*Id.* (quoting *Smelter v. S. Home Care Servs., Inc.*, 904 F.3d 1276, 1283–84 (11th Cir. 2018)).

Here, Plaintiff’s amended complaint fails to sufficiently plead the harassment was severe and pervasive. “[T]he fourth element of the hostile-work-environment test contains both a subjective and objective component.” *Nevins v. DCH Health Sys.*, No. 25-12124, 2026 WL 1103517, at *5 (11th Cir. July 28, 2026) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc)). Not only must the employee subjectively perceive harassment as severe and pervasive enough to change the terms or conditions of employment, but also the court must find this perception objectively reasonable. *Id.* The court considers the following four factors when determining whether the alleged harassment was objectively severe and pervasive: “(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee’s job performance.” *Id.*; *Standifer v. Sonic-Williams Motors, LLC*, 401 F. Supp. 2d 1205, 1219 (N.D. Ala. 2005) (quoting *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997)).

Plaintiff alleges Yarbrough's two comments "were part of a pattern of behavior that created a hostile, intimidating, and abusive work environment." (Doc. No. 27 at 2.) This allegation misses the mark as it does not establish that the purported harassment was severe and pervasive. To begin, two remarks alone fail to show frequent harassment. *See Standifer*, 121 F.3d at 1220 (finding a total of seventeen comments does not establish frequent conduct); *Garcia v. City of Grantville, Georgia*, 3:17-cv-00169-TCB-RGV, 2018 WL 11331793, at *14 (N.D. Ga. Nov. 13, 2018) (determining nine comments alleged were insufficient to show harassment was pervasive); *Uppal v. Hospital Corp. of America*, 482 F. App'x 394, 397 (11th Cir. 2012) ("[A] single incident of harassing conduct cannot support a hostile work environment claim."). Additionally, these isolated incidents "that are not extremely serious are not sufficiently severe or pervasive." *Whitby v. Sec. for Dept. of Homeland Sec.*, 480 F. App'x 960, 965–66 (11th Cir. 2012) (finding similar comments related to race made over a two-year period insufficiently severe or pervasive). Further, Plaintiff fails to plead how the comments interfered with her ability to do her job. *See id.*; *Standifer*, 121 F.3d at 1220.

Accordingly, Plaintiff's amended complaint fails to allege sufficient facts to plausibly suggest a Title VII hostile work environment claim. Her claim is due to be dismissed with prejudice. *See Uppal*, 482 F. App'x at 398 (affirming the dismissal for failing to sufficiently allege hostile work environment claim).

C. Retaliation Claim

Plaintiff's amended complaint fails to state a Title VII claim of retaliation. *See Michaels*, 2025 WL 588648, at *3. Title VII prohibits retaliation against an individual for

opposing an unlawful practice or making a charge under each statute. *See* 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation, Plaintiff must show: "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Again, at the pleading stage, Plaintiff does not need to allege a *prima facie* case, but it serves as a useful guidepost to evaluate Plaintiff's claims. *See Ramirez*, 2024 WL 4880378, at *3.

As in the original complaint, Plaintiff's amended complaint fails to allege she opposed an unlawful practice or otherwise engaged in statutorily protected activity. Plaintiff alleges she scheduled a meeting with Barker, but she does not allege she reported discrimination or other illegal conduct to him, HR, or anyone else employed by Defendant. Plaintiff's amended complaint alleges Defendant knew she intended to meet with Barker to complain about discrimination, yet she fails to allege she ever communicated her intent to anyone employed by Defendant. (*Id.*) Simply put, Plaintiff's sole allegation that she scheduled a meeting to complain about discrimination, without more, is insufficient to show she engaged in statutorily protected expression. Absent further factual enhancement, Plaintiff's allegation is merely a naked assertion she suffered retaliation.

Accordingly, Plaintiff's retaliation claim is due to be dismissed with prejudice. *See Ramirez*, 2024 WL 4880378, at *2 (affirming dismissal of retaliation claims when the plaintiff relied on only conclusory allegations).

## V. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS as follows:

1. Defendant's Partial Motion to Dismiss (Doc. No. 29) be GRANTED as to Plaintiff's Title VII discrimination claim and Title VII retaliation claim.

2. Counts II and III of Plaintiff's Amended Complaint (Doc. No. 27) be DISMISSED with prejudice.

3. This matter be REFERRED back to the undersigned for further proceedings.

It is further ORDERED as follows that **on or before October 22, 2026,** the parties may file objections to this Recommendation.

The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of October, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE